Filed 1/23/2024 8:03 PM
Jeanette Bryan
District Clerk
San Augustine County, Texas

JS

CV-24-10379

CAUSE NO. _____

| | | |
|---|---|---|
| KERRY TOLLIVER AND WENDOLYN MORGAN, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| FLUID DISPOSAL SPECIALTIES INC. and TREVEION BROOKS | § § § § | |
| Defendants. | § § | SAN AUGUSTINE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **KERRY TOLLIVER** and **WENDOLYN MORGAN** ("Plaintiffs") and file this **Original** Petition and Jury Demand against Defendants **Fluid Disposal Specialties Inc.** and **Treveion Brooks** (collectively "Defendants") and alleges as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Pursuant to Texas Rule of Civil Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure. Pursuant to Rule 47, Plaintiffs state that they are seeking monetary relief of over $1,000,000.00.

## II.
## PARTIES

2.      Plaintiff Kerry Tolliver is an individual and is a resident of Rockwall County, Texas. The last three numbers of Plaintiff's social security identification are 817, and the last three numbers of his driver's license are 792.

3.      Plaintiff Wendolyn Morgan is an individual and is a resident of Rockwall County, Texas.

4.      Defendant Fluid Disposal Specialties Inc. (hereinafter "Defendant FDSI") is a foreign corporation doing business in the State of Texas. Defendant may be served with process by serving its registered agent, Pervis Young, 8000 Highway 59 South, Marshall, Texas 75670, or by serving any of its directors or principals. Citation is requested at this time.

5.      Defendant Treveion Brooks is an individual and is a resident of Caddo Parish, Louisiana. He may be served with process at his last known address, 4859 Birdie Lane, Shreveport, Louisiana 77107 or wherever he may be found. Citation is requested at this time.

## III.
## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

7.    Venue is proper in San Augustine County, Texas because all or a substantial amount of the events giving rise to this cause occurred in San Augustine County, Texas.

8.    The Court has personal jurisdiction over Defendants because Defendants maintain the minimum contacts required in the State of Texas for personal jurisdiction because Defendants conduct business in and maintain a presence in the state of Texas.

## IV.
## FACTS

9.    To the extent not inconsistent herewith, Plaintiffs incorporate by reference all of the above facts and paragraphs as if set forth fully herein.

10.    On or about July 14, 2022, Defendant Treveion Brooks, who was operating a semi-tractor/trailer, was traveling eastbound on SH 147, approaching the intersection with US 96 at the intersection with SH 147 in San Augustine, Texas. At the time, Defendant Brooks was operating a semi-tractor/trailer provided to him by Defendant Fluid Disposal Specialties, Inc., his employer, in the course and scope of his employment with FDSI.

11.    At about the same time, Plaintiff was operating a semi-tractor/trailer southbound on US 96, in which Plaintiff Wendolyn Morgan was a passenger.

12.    Defendant Brooks had a stop sign controlling his direction of

travel. Plaintiff did not. Due to lack of attention, Defendant Brooks failed to stop or yield at this intersection—that is, he failed to obey a traffic control device—and proceeded into the intersection as Plaintiff was approaching, causing a collision between the two vehicles.

13. Defendant FDSI failed to, amongst other things: prevent an unqualified driver from operating its vehicle; adequately supervise and monitor the operation of its vehicle; and ensure that its vehicle was used in a safe and/or legal manner.

14. Plaintiffs suffered severe injuries and damages as a result of Defendants' acts and omissions.

## V.
## NEGLIGENCE OF TREVEION BROOKS

15. To the extent not inconsistent herewith, Plaintiffs incorporate by reference all of the above facts and paragraphs as if set forth fully herein.

16. Defendant Brooks had a duty to exercise the ordinary care of a reasonably prudent operator of a vehicle under the same or similar conditions when he operated the motor vehicle that struck and injured Plaintiffs.

17. Defendant Brooks breached the duty of care by, among other things:

     a. Failing to control his speed given the conditions;

     b. Failing to timely apply the brakes;

  c. Failing to maintain a proper lookout;

  d. Failing to maintain proper control of the vehicle;

  e. Failing to yield the right-of-way;

  f. Failing to take appropriate and safe evasive action;

  g. Using or looking at a cellular phone or other mobile device while operating a semi-tractor/trailer;

  h. Failing to obey a traffic control device; and

  i. Failing to operate the vehicle in a reasonably prudent and safe manner.

18. Defendant Brooks' breach of duty proximately caused injury to Plaintiffs, which resulted in the following damages: past and future medical expenses, past and future pain and suffering, past and future mental anguish, past and future disfigurement, property damages, physical impairment, lost income, and lost earning capacity. In addition to each of these damages, Plaintiffs also seek prejudgment and post-judgment interest as well as all compensable court costs.

## VI.
## RESPONDEAT SUPERIOR

19. To the extent not inconsistent herewith, Plaintiffs incorporate by reference all of the above facts and paragraphs as if set forth fully herein.

20. At the time of the collision described herein, Defendant Brooks was the agent, servant, and/or employee of Defendant FDSI and was acting within the course and scope of his employment as an agent, servant, and/or

employee of Defendant FDSI. Defendant Brooks was operating the vehicle with the knowledge, consent, and actual permission and/or implied permission of Defendant FDSI. Therefore, Defendant FDSI is jointly and severally liable for Plaintiff's damages under the Doctrine of *Respondeat Superior* because the negligence of an employee, agent, servant, and/or representative of Defendant FDSI was a proximate cause of the collision and damages described herein.

## VII.
## AGENCY

21.    To the extent not inconsistent herewith, Plaintiffs incorporate by reference all of the above facts and paragraphs as if set forth fully herein.

22.    In addition to and without waiving the foregoing, Plaintiffs would show that at the time of the collision mentioned herein, Defendant Brooks was the agent of Defendant FDSI and was acting within the course and scope of his implied and/or express authority as such agent. Therefore, Defendant FDSI is jointly and severally liable for Plaintiffs' damages.

## VIII.
## NEGLIGENCE OF DEFENDANT FDSI

### A. Negligent Entrustment

23.    Plaintiff would show that at the time of the collision, Defendant FDSI owned and/or leased the vehicle being driven by Defendant Brooks, who was involved in the collision. Defendant FDSI was negligent in entrusting said vehicle to Defendant Brooks in that he was an incompetent and/or reckless

driver. Defendant FDSI knew, or through the exercise of ordinary care should have known, that Defendant Brooks was an incompetent and/or reckless driver. Defendant FDSI was therefore negligent in entrusting said vehicle to Defendant Brooks and such negligent acts and omissions on the part of Defendant FDSI were done with conscious indifference to the rights and safety of others, which was a direct and proximate cause of the collision in question and a producing cause of the injuries and damages suffered by Plaintiffs.

**B. Direct Negligence – Defendant FDSI**

24.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

25.     At the time of the Collision, Defendant FDSI had a duty to exercise the ordinary care of a reasonable and prudent motor carrier regarding the employment of Brooks and in the operation of the tractor trailer.

26.     Defendant FDSI breached that duty of care by:

    a.     Hiring Brooks;

    b.     Failing to properly qualify Brooks' as a driver;

    c.     Failing to properly investigate Brooks' driving ability, prior employment history, and driving record;

    d.     Failing to properly train Brooks to drive in a safe and prudent manner;

    e.     Failing to properly supervise Brooks to ensure that he would operate the tractor-trailer in a safe and prudent manner;

f.    Failing to properly monitor Brooks to ensure that he would operate the tractor-trailer in a safe and prudent manner;

g.    Failing to make a prudent inquiry into the driving competency of Brooks;

h.    Recklessly employing Brooks;

i.    Failing to implement safety policies and procedures for its drivers;

j.    Failing to enforce safety policies and procedures for its drivers;

Defendant FDSI's breach of duty proximately caused injury and damages to Plaintiffs, as described herein.

## X.
## GROSS NEGLIGENCE

27.    To the extent not inconsistent herewith, Plaintiffs incorporate by reference all of the above facts and paragraphs as if set forth fully herein.

28.    Defendants' course of conduct showed a reckless indifference to consequences without the exertion of any substantial effort to avoid them. Defendants acted willfully, wantonly, and/or with reckless disregard of the consequences to Plaintiffs. Defendants' actions constituted an extreme risk of harm to the public and conscious indifference to human life, including, but not limited to, Plainitffs. Defendants had a subjective awareness of this risk and proceeded in spite of the risk with conscious indifference.

29.    Defendants' acts and/or omissions as described above proximately caused injury to Plaintiffs, which resulted in the following damages: past and future medical expenses, past and future pain and suffering, past and future mental anguish, property damages, past and future physical impairment, past and future disfigurement, lost income, and lost earning capacity. In addition to each of these damages, Plaintiffs also seek prejudgment and post-judgment interest as well as all compensable court costs.

## XI.
## PUNITIVE DAMAGES

30.    To the extent not inconsistent herewith, Plaintiffs incorporate by reference all of the above facts and paragraphs as if set forth fully herein.

31.    Defendants acted with gross negligence which evidences willful, wanton, or reckless disregard for the safety of others and justifies an award of punitive damages under Texas law. The acts or omissions of Defendants constitute gross negligence, as that term is defined in Texas Civil Practice and Remedies Code section 41.001(11).

32.    The grossly negligent acts and/or omissions of Defendants were a proximate cause of actual damages to Plaintiffs in an amount within the jurisdictional limits of this Court, for which Plaintiffs seek judgment.

33.    Plaintiffs' injuries resulted from Defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Texas Civil Practice and

Remedies Code section 41.003(a).

## XII.
## PRAYER

34.    For these reasons, Plaintiffs ask that they be awarded a judgment

against Defendants for the following:

(1)    Past and future medical expenses;

(2)    Past and future pain and suffering;

(3)    Past and future mental anguish;

(4)    Past and future disfigurement;

(5)    Property damages;

(6)    Physical impairment;

(7)    All other economic damages allowed by law;

(8)    Punitive damages;

(9)    Prejudgment and post-judgment interest at the maximum rate allowable by law; and

(10)    Costs of Court.

Respectfully submitted,

By:  */s/ Jared P. Mullowney*
Christopher S. Hamilton
State Bar No. 24046013
chamilton@hamiltonwingo.com
Jared P. Mullowney
State Bar No. 24073630
jmullowney@hamiltonwingo.com

**HAMILTON WINGO, LLP**
325 N. St. Paul Street, Suite 3300
Dallas, Texas 75201
Telephone:  (214) 234-7900
Facsimile:   (214) 234-7300

**ATTORNEYS FOR PLAINTIFFS**